```
               UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

EDWARD D. QUERO,                :   **CASE NO. 3:11-CV-00238**
                                :
        Petitioner              :   (Judge Kosik)
                                :
    v.                          :   (Magistrate Judge Smyser)
                                :
                                :
H.L. HUFFORD, Warden,           :
                                :
        Respondent              :

## REPORT AND RECOMMENDATION

The petitioner, a federal prisoner, was held for a time in a New Jersey jail under conditions which he contends violated his constitutional rights.  He is seeking a reduction of his sentence based on his confinement under those conditions.  The issue is whether the petitioner may seek such a reduction of his sentence in this habeas corpus case. Because the petitioner is challenging conditions of confinement rather than the execution of his sentence, we conclude that he may not.  Thus, we recommend that the petition for a writ of habeas corpus be dismissed.

Background.

The petitioner, Edward D. Quero, pleaded guilty in the United States District Court for the District of New Jersey to violation of 18 U.S.C. § 1951. *Quero v. United States*, Civil Action No. 03-6236, slip op. at 2 (D.N.J. Nov. 27, 2007). In March of 2003, the petitioner was sentenced to 220 months imprisonment. *Id.*

The petitioner filed in the United States District Court for the District of New Jersey a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Id.* He later filed a motion for a reduction of his sentence based on the time he served in the Passaic County Jail. *Id.* As to that latter motion, the petitioner sought a reduction of his sentence for the time that he was detained in the Passaic County Jail pending the decision on his Section 2255 motion. *Id.* at 5-6. The district court addressed that motion as follows:

> Petitioner also filed a *pro se* motion for
> a downward departure in his sentence because of
> the conditions at the Passaic County Jail,
> where Petitioner claims he has been detained
> for approximately the past forty-two months.

> Petitioner claims that the Court should consider amending Petitioner's sentence because of overcrowding and other conditions at the county jail. Petitioner also notes that in <u>United States v. Sutton</u>, Crim.No. 07-426 (D.N.J. Oct. 25, 2007), another District Court determined, after a hearing, that the conditions in Passaic County Jail were sufficiently bad to warrant a downward departure of one day off for each day served in Passaic County Jail. The Court recognizes that Passaic County Jail is overcrowded and that conditions there are made difficult by this overcrowding. Although this Court is sympathetic to Petitioner's complaint regarding conditions in Passaic County Jail, this case is not one which warrants reopening Petitioner's sentence.
>
> Petitioner is differently situated than a prisoner who awaits sentencing in Passaic County Jail. Petitioner was transferred to Passaic because of his own post-sentencing motion for *habeas corpus*, which required an evidentiary hearing and the appointment of new counsel. Moreover, a downward departure of this sort is within the discretion of the trial court at trial at sentencing and this Court declines [to] exercise its discretion to reopen Petitioner's sentence to reduce his sentence based on time served at Passaic County Jail due to the delays attendant to the evidentiary hearing on his § 2255 motion.

*Id.* at 5-6.

The district court denied both the § 2255 motion and the motion for a reduction of sentence. *Id.* at 6. The district

court ordered that the "Petitioner's application to vacate, set aside, modify or correct the judgment of conviction and sentence imposed on him, pursuant to 28 U.S.C. § 2255 or because of time served at Passaic County Jail is **DENIED**." *Id.*

The petitioner appealed to the United States Court of Appeals for the Third Circuit.  The Third Circuit denied the petitioner a certificate of appealability. *Quero v. United States*, No. 08-2793, slip order at 2 (3d Cir. April 30, 2010). In doing so, the Third Circuit stated:

> To the extent that the District Court denied relief outside the contours of 28 U.S.C. § 2255 as to the motion for reduction of sentence, the order is affirmed without prejudice to Quero's ability to seek relief under 28 U.S.C. § 2241, based on the conditions of his confinement at Passaic County Jail.

*Id.*

On February 3, 2011, the petitioner commenced this case by filing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner is seeking a reduction of his sentence for time that he spent at the Passaic County Jail

4

under conditions which he contends amounted to cruel and unusual punishment in violation of the Eighth Amendment.

Discussion.

The respondent contends that the petitioner cannot seek a reduction of his sentence based on the conditions of confinement he was subjected to by way of a 28 U.S.C. § 2241 habeas petition. We agree.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), state prisoners who were deprived of good-conduct-time credits as a result of disciplinary proceedings brought suit under 42 U.S.C. § 1983 seeking injunctive relief to compel the restoration of their good-conduct-time credits. The question before the Supreme Court was whether a state prisoner may seek such relief through a § 1983 action even though the federal habeas corpus statute provides a specific federal remedy. *Id*. at 477. The Court stated that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from

illegal custody." *Id.* at 484.  The prisoners' claims fell squarely within this traditional scope of habeas corpus: "They alleged that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal confinement, i.e. that once their conditional-release date had passed, any further detention of them in prison was unlawful; and they sought restoration of those good-time credits, which, by the time the District Court ruled on their petitions, meant their immediate release from physical custody." *Id.* at 487.  The Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.

The Court in *Preiser* noted that habeas corpus may be available to challenge prison conditions. *Id.* at 499 (citing *Johnson v. Avery,* 393 U.S. 483 (1969) and *Wilwording v. Swenson* 404 U.S. 249 (1971)); *See also Bell v. Wolfish*, 441 U.S. 520, 527 n.6 (1979)("[w]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of

the conditions of confinement, as distinct from the fact or length of the confinement itself."). The Court went on to state that it need not "explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983" because that question was not before the Court. *Id*. at 500. But the Supreme Court has never followed the speculation in *Preiser* that habeas corpus may be available to challenge prison conditions. *Muhammad v. Close,* 540 U.S. 749, 751 n.1, 755 (2004)(noting that the Court has not followed the speculation in *Preiser* and holding that prisoner challenging prehearing detention "raised no claim on which habeas relief could have been granted on any recognized theory, with the consequence that *Heck's [v. Humphrey,* 512 U.S. 477 (1994)] favorable termination requirement was inapplicable").

In the years following *Preiser,* the distinction and interplay between habeas corpus and civil rights claims have been clarified somewhat. "[W]henever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge . . . must be brought by way of a habeas corpus petition."

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" a civil rights action is appropriate. *Id.*

Despite this clarification, this case shows that difficult issues remain regarding whether a case is properly classified as a habeas corpus case or a civil rights case. This is particularly so in connection with 28 U.S.C. § 2241 habeas corpus cases brought by federal prisoners.

In this case, the petitioner is not challenging his conviction or the original imposition of his sentence. Instead, he is seeking a reduction of his sentence. Granting the petitioner a reduction of his sentence would lead to his speedier release from confinement. Thus, such relief is the type of relief that may be sought by way of a habeas corpus petition. But the question is whether the petitioner can seek such relief by challenging the conditions of confinement to which he was subjected.

To obtain habeas corpus relief pursuant to Section 2241 a prisoner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Habeas corpus is available to a federal prisoner to challenge the execution of his sentence. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005).  But the precise meaning of execution of a sentence remains "hazy." *Id.* at 242.

In attempting to decipher the meaning of execution of a prisoner's sentence, the Third Circuit in *Woodall* consulted a dictionary for the definition of "execution." *Id.* at 243.  The court indicated that the plain meaning of "execution" is to put into effect or carry out. *Id.*  The court also cited to a number of decisions from other courts including a decision from the Second Circuit in which that court had opined that challenges to the execution of a prisoner's sentence include "'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, [and] type of detention and prison conditions.'" *Id.* at 242 (quoting *Jiminian v. Nash*, 245 F.3d

144, 147 (2d Cir. 2001)). *Woodall* involved a challenge by a federal prisoner to the Bureau of Prisons' regulations regarding transfers to community corrections centers. *Id.* at 237. Concluding that the prisoner was challenging the execution of his sentence, the Third Circuit held that such a challenge may be brought by way of a 28 U.S.C. § 2241 petition for a writ of habeas corpus. *Id.* at 241-44.

The broad language cited by the court in *Woodall* regarding what constitutes a challenge to the execution of a sentence seems to support the conclusion that a federal prisoner may challenge his conditions of confinement by way of a 28 U.S.C. § 2241 habeas petition. But the court in *Woodall* pointed out the differences between a community corrections center and a traditional correctional facility. *Id.* at 243. And the court was careful to point out that a transfer to a community corrections center is different from a "garden variety" transfer or a simple transfer from one prison to another. *Id.*

The distinction made in *Woodall* about the difference between the transfer at issue in that case and a typical prison transfer was also made in later cases. *See e.g. Bedenfield v. Lewisburg,* 393 Fed.Appx. 32, 33 (3d Cir. 2010)("Bedenfield's challenge to his placement in the SMU [Special Management Unit] is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition."); *Ganim v. Federal Bureau of Prisons,* 235 Fed.Appx. 882, 883-84 (3d Cir. 2007)(holding that federal prisoner's challenge to Bureau of Prison's refusal to transfer him to another prison closer to his family is not properly brought under 28 U.S.C. § 2241). Thus, despite the broad language used in that case, *Woodall* does not support the proposition that a Section 2241 habeas corpus petition is an appropriate vehicle for a challenge to prison conditions. And later Third Circuit cases support the proposition that a Section 2241 habeas petition is not an appropriate vehicle for a challenge to prison conditions. *See e.g. Stanko v. Obama,* 393 Fed.Appx. 849, 851 (3d Cir. 2010)(holding that district court properly dismissed prisoner's claims of cruel and unusual punishment and constitutional violations resulting from the

11

seizure of his papers because those claims fall outside the realm of challenges properly brought in a habeas corpus case); *Leslie v. Atty General of U.S.,* 363 Fed.Appx. 955, 958 (3d Cir. 2010)("To the extent that Leslie attempts to challenge the conditions of his confinement, we agree with the District Court that this habeas corpus petition was not the proper vehicle to raise his claims.").

Challenges to conditions of confinement are not within the scope of habeas corpus. Rather, challenges to conditions of confinement are appropriately brought as civil rights actions. To allow a prisoner to seek a reduction of his sentence based on the conditions of his confinement to which he was subjected would undermine the important distinction between habeas corpus and civil rights cases.

Even assuming that a Section 2241 habeas petition is an appropriate vehicle for a federal prisoner to use to challenge the conditions under which he is confined, the use of Section 2241 in this case is not appropriate. The petitioner is not challenging the conditions under which he is currently

confined. Rather, he is seeking a reduction of his sentence based on conditions to which he was subjected in the past. Such is not an appropriate use of Section 2241. *See Gregory v. Grondolsky,* 365 Fed.Appx. 326 (3d Cir. 2010)(affirming dismissal of Section 2241 habeas petition seeking reduction of sentence for time served at correctional centers under conditions which allegedly violated prisoner's constitutional rights). *See also Jones v. Warden of FCI Fort Dix,* Civil Action No. 09-2374 (RMB), 2009 WL 2449894 at *2 (D.N.J. Aug. 7, 2009)(concluding that prisoner's request for a sentence reduction based on alleged unconstitutional conditions at prison where prisoner was held in the past not cognizable in a Section 2241 habeas case). Thus, the petitioner may not seek a sentence reduction based on the conditions of confinement that he was subjected to in the past by way of a 28 U.S.C. § 2241 habeas corpus petition.[1]

---

1. We note that in *Gregory, supra,* 365 Fed.Appx. at 327, the Third Circuit stated that the only potential vehicles for the prisoner to seek a reduction of his sentence based on the conditions to which he was subjected to would be a motion to correct the sentence pursuant to 28 U.S.C. § 2255 or a motion to reduce the sentence under 18 U.S.C. § 3582 filed with the sentencing court.

13

Because a 28 U.S.C. § 2241 habeas corpus petition is not an appropriate vehicle for the petitioner to present his claim, we do not address the respondent's argument that the petition should be dismissed because the petitioner failed to exhaust administrative remedies.

Recommendations.

Because a habeas corpus petition is not a proper vehicle to challenge conditions of confinement, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: May 18, 2011.